UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JACOB JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL,<br><br>Respondent. | No. 2:18-cv-1604 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. The Petition

Petitioner filed a habeas corpus petition alleging that he was wrongfully issued a disciplinary write-up and placed in administrative segregation. EFC No. 1 at 7. He claims that he was denied due process during the disciplinary proceedings and with respect to his placement in administrative segregation and that a number of pieces of his property were lost or broken during the transfers. Id. at 7-20. Although petitioner was ultimately found not guilty of the disciplinary infraction, he appears to claim that the false charges contributed to the Board of Parole Hearings (BPH) denying him parole. Id. at 50-73. He appears to be seeking compensatory damages. Id. at 171.

////

1

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In order for the court to have habeas jurisdiction over petitioner's claims, success on the petition must necessarily result in his speedier release. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

The Ninth Circuit held in Nettles that if success on the merits of a petitioner's challenged disciplinary proceeding will not *necessarily* impact the fact or duration of his confinement, his claim is not within "the core of habeas corpus" and therefore may not be brought in habeas. Id. Actions that lie at the core of habeas corpus are those in which an inmate "is challenging the very fact or duration" of his imprisonment and "the relief sought is a determination that he is entitled to immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court found it did not have jurisdiction over Nettles' claim because it did not lie at the core of habeas corpus. Nettles, 830 F.3d at 934-35. It reasoned that because he was indeterminately sentenced, expungement of the challenged disciplinary conviction would not necessarily lead to a shorter sentence because even without the disciplinary conviction the parole board could still deny parole on other grounds available to it. Id.

In this case, petitioner did not lose any good-time credits because he was found not guilty of the disciplinary violation, and even if he had been found guilty, he is indeterminately sentenced and has not yet been found to be suitable for parole. ECF No. 1 at 2, 7, 18, 50-73. Because success on the merits of the petition will not guarantee speedier release, this court lacks jurisdiction.

To the extent petitioner is attempting to challenge the BPH's denial of parole, he also fails to state a claim. The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts

may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).

It appears from the attachments that petitioner was provided both an opportunity to be heard and a statement of the reasons parole was denied. ECF No. 1 at 50-73. "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Cooke, 562 U.S. at 220. The Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Therefore, to the extent he is trying to do so, petitioner's challenge to the denial of parole is not cognizable.

## II. Conversion to a Civil Rights Claim

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. A district court may re-characterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). However, a prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings. Id. (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action.[1]

---

[1] It appears that the bulk of petitioner's claims were unexhausted at the time he filed the petition (ECF No. 1 at 13) and would therefore be subject to dismissal. Davis v. Cal. Dep't of Corr. & Rehab., 474 F. App'x 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing). Moreover, petitioner's property claims, which appear to be the only claims he exhausted, are not cognizable. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized deprivation of property (continued)

Due to these differences and the disadvantages that re-characterization may have on petitioner's claims, this court will not offer petitioner the option to re-characterize the petition as a civil rights complaint. However, petitioner is free to file a new complaint under § 1983 if he wishes to do so.[2]

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be dismissed because even if you are successful on your claims it will not result in you being released sooner, so the court does not have habeas jurisdiction. Because of all the differences between a habeas petition and a claim under § 1983, the court will not convert your claims into a request for relief under § 1983. You are free to file a separate complaint under § 1983, but the court does not guarantee that you will be successful.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be dismissed for lack of habeas jurisdiction.

////

---

by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California Law provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810-95)).

[2] The court takes no position on whether petitioner may ultimately be able to state a claim for relief under § 1983.

4

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE